IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOSEPH DALE SAUNDERS,**

 Petitioner,

v.                           Civil Action No. **3:22CV341**

**JASON S. MIYARES,** *et al.*,

 Respondents.

MEMORANDUM OPINION

Joseph Dale Saunders, a former Virginia state prisoner proceeding *pro se* brings this petition pursuant to 28 U.S.C. § 2254 challenging his convictions and sentence in the Circuit Court of Powhatan County, Virginia ("Circuit Court"). Respondents have moved to dismiss on the grounds that, *inter alia*, this Court lacks jurisdiction to entertain the § 2254 Petition because Saunders had fully served his sentence at the time that he filed the § 2254 Petition. The Motion to Dismiss will be GRANTED.

### I. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not

grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## II. PERTINENT PROCEDURAL HISTORY AND FINDINGS IN THE CIRCUIT COURT

In rejecting Saunders's state habeas petition, the Circuit Court aptly summarized the relevant procedural history as follows:

> Joseph Dale Saunders [was] detained pursuant to a final order of this Court entered on November 2, 2015.[1] On July 14, 2015, Saunders pleaded not guilty to the charges of attempted malicious wounding, assault, and used of a firearm in a felony and proceeded to trial before the bench where this Court found him guilty on all counts. On November 2, 2015, the Court sentenced Saunders to a total term of eight years and twelve months' incarceration with five years twelve months suspended, leaving the total active portion of three years to serve. The Court suspended twelve months on the assault conviction for a period of three years, and five years of the attempted malicious wounding conviction for a period of five years, and sentenced Saunders to three years in prison for the use of a firearm conviction.
>
> . . . .
>
> On February 11, 2021, Saunders filed a petition for a writ of habeas corpus in this Court. In the petition, he contends that he received the ineffective assistance of counsel because counsel had a conflict of interest.
>
> . . . .

---

[1] On February 16, 2016, this Court entered an amended sentencing order to correct a scrivener's error related to a case number. No substantive changes were made to the order.

> This Court finds that it does not have jurisdiction to entertain Saunders's claim for habeas relief because Saunders is no longer in custody.[2]
>
> . . . .
>
> On November 2, 2015, this Court sentenced Saunders to three years for the conviction of use of a firearm in commission of a felony, twelve months for assault, and five years for attempted malicious wounding. The Court then suspended the entire five-year sentence on the attempted malicious wounding conviction for a period of five years, leaving Saunders just three years to serve on the use of a firearm conviction. In addition, upon his release from confinement, Saunders was placed on supervised probation "for an indefinite period of time, not to exceed the periods(s) of the suspension(s), . . . or until released by the Court or the Probation Officer."
>
> Saunders term of probation ended on January 23, 2020. The period of his suspended sentence ended at the latest on November 2, 2020, five years after his sentence was imposed. Under these circumstances, Saunders's detention, and this Court's habeas jurisdiction, expired on November 2, 2020, the date on which the sentence the trial court imposed was fully satisfied. Code § 8.01-654(A)(1); [*Smyth v. Holland*, 199 Va. 92, 99, 97 S.E.2d 745, 750 (1957)]. Saunders was not in custody on February 11, 2021, when he filed the instant habeas petition, therefore "jurisdiction never attached " in this case. *E.C. v. Va. Dep't of Juvenile Justice*, 283 Va. 522, 534, 722 S.E.2d 820, 833 (2012). Indeed, there is ***no order*** this Court could possibly enter that would directly impact the duration of the petitioner's confinement as his sentence was fully served before he filed the instant petition. [*Carroll v. Johnson*, 278 Va. 683, 693, 685 S.E.2d 647, 652 (2009)].
>
> Because Saunders's sentence was fully satisfied before he filed this instant habeas petition, he is not in custody, and this Court holds that it does not have jurisdiction to grant him relief. For this reason, this petition is hereby dismissed.

(ECF No. 14-5, at 9–10, 11, 14, 15–16 (second alteration in original).)[3]

Saunders filed a Motion to Reconsider with the Circuit Court. Petitioner's Motion to Reconsider and Vacate Judgment, *Saunders v. Clarke*, No. 145CL21000241-00 (Va. Cir. Ct. filed Dec. 17, 2021). In his Motion to Reconsider, Saunders argued, *inter alia*, that the Circuit Court incorrectly concluded that he had fully served his sentence. *Id.* at 4. Saunders asserted that

---

[2] Saunders notes that he "successfully completed service of the active portion of his sentences and [has] been released to the community, however he remains under the Court's and DOC jurisdiction and restraint by virtue of the 'Good Conduct' and Suspended Sentences provisions of the Sentencing Order." (Pet. at 2). The Court determines that this argument is not accurate.

[3] The Court employs the pagination assigned by CM/ECF docketing system.

Virginia law required that "the periods of suspension of the suspended sentences in this matter are statutorily consecutive and required to begin following the date the active portion of the sentence of imprisonment is satisfied not on the date sentence was pronounced or memorialized on the sentencing order." *Id.* On December 20, 2021, the Circuit Court denied Saunders' Motion to Reconsider. *Saunders v. Clarke*, No. CL21000241-00 (Va. Cir. Ct. Dec. 20, 2021). Saunders appealed. The Supreme Court of Virginia dismissed Saunders's appeal. (ECF No. 14-6, at 53.)

### III. ANALYSIS

To qualify for relief under 28 U.S.C. § 2254, a petitioner must be in custody. 28 U.S.C. § 2254(a) (emphasis added) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The in-custody requirement is jurisdictional. *Id.* at 490. The Supreme Court in *Maleng*

> recognized that although a petitioner is subject to the "collateral consequences" of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he "suffers no present restraint from a conviction" and therefore is not in custody after fully serving his sentence. *Id.* at 492. As the Court explained, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."

*Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (citing *Maleng*, 490 U.S. at 492). Because Saunders's sentence was fully satisfied before he filed his § 2254 Petition, he is not in custody,

4

and this Court lacks jurisdiction to entertain his § 2254 Petition.[4] The Motion to Dismiss, (ECF No. 12), will be GRANTED. The Motion to Substitute Attorney, (ECF No. 19), will be GRANTED. The action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Final Order shall issue.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 26 June 2023
Richmond, Virginia

---

[4] As he did in state court, Saunders insists that the Circuit Court incorrectly interpreted Virginia statutory law when it concluded that he fully served his sentences by November 2, 2020. (ECF No. 18, at 6–8.) However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see Delaney v. Dir. of Virginia Dep't of Corr.*, No. 1:13CV447 (CMH/IDD), 2015 WL 11117238, at *2 (E.D. Va. Mar. 20, 2015).